UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SOLICITY MANLEY                               Case No.: 20-cv-00551

    Plaintiff,

vs.

DIVERSIFIED RECOVERY BUREAU, LLC

    Defendant.

## DECLARATION OF SEAN M. O'BRIEN

1. I am counsel for Defendant Diversified Recovery Bureau, LLC ("Defendant").

2. I submit this Declaration in support of Defendant's motion to dismiss and compel arbitration.

3. On or about April 13, 2020, Plaintiff Solicity Manley ("Plaintiff") filed a demand for arbitration along with an arbitration complaint and the agreement which subjected the claims at issue to arbitration. Exhibit A. The arbitration was assigned case number 01-20-004-9270.

4. On April 30, 2020, the Consumer Filing Team at the American Arbitration Association ("AAA") sent the parties a letter stating that Defendant had not "complied with the AAA's policies regarding consumer claims" and as a result, it had closed the file. Exhibit B.

5. On May 1, 2020, Brendan H. Little, Esq., a Partner at Lippes Mathias Wexler Friedman LLP, sent the Consumer Filing Team at AAA an email requesting

the pertinent documentation to make sure that any issue or problem could immediately be resolved so that arbitration could proceed. Exhibit C.

6. On May 8, 2020, the Consumer Filing Team sent correspondence indicating that Defendant is not in good standing with the AAA because it has not submitted its current consumer arbitration clause for inclusion on the Registry. Exhibit D.

7. On May 8, 2020, Plaintiff re-filed this lawsuit in the Western District of New York. Despite Plaintiff's decision to re-file the lawsuit, our office took numerous steps to determine the basis for AAA's decision to close the file.

8. On May 8, 2020, Mr. Little responded to the Consumer Filing Team at AAA, explaining that the arbitration clause at issue was not authored by Defendant and that Defendant is not a signatory to the agreement that contains the subject arbitration clause. Exhibit E.

9. On May 21, 2020, Mr. Little sent a follow up email to the Consumer Filing Team at AAA. Exhibit F. On May 21, 2020, I also sent an email to the Customer Service Team at AAA requesting further guidance. Exhibit G.

10. On May 21, 2020, the Consumer Filing Team sent a letter to the parties acknowledging Mr. Little's correspondence and requesting Plaintiff's counsel's input. Exhibit H.

11. On May 28, 2020, Mr. Hilton sent a letter to the Consumer Filing Team articulating his position regarding arbitration. Exhibit I.

12. On May 29, 2020, Mr. Little sent a letter again requesting clarification and direction from the Consumer Filing Team to resolve the administrative confusion and permit the arbitration to proceed. Exhibit J.

13. On June 1, 2020, the Consumer Filing Team sent the parties an email stating that the arbitration could proceed forward if: (1) Defendant registered with AAA or there was a court order compelling arbitration; and (2) the consumer re-filed with all the filing requirements including the $200.00 filing fee. Exhibit K.

14. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2020

/s Sean M. O'Brien
Sean M. O'Brien