# EXHIBIT A

## AMERICAN ARBITRATON ASSOCIATION

| | |
|---|---|
| SOLICITY MANLEY, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIVERSIFIED RECOVERY BUREAU, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Now comes SOLICITY MANLEY ("Plaintiff"), complaining as to DIVERSIFIED RECOVERY BUREAU, LLC ("Defendant"), as follows:

### JURISDICTION

1. Subject matter jurisdiction is conferred upon this Court by the parties' agreement to arbitrate.

### PARTIES

2. Plaintiff is a natural person residing in the State of New Jersey.

3. Defendant is a third-party debt collector located in the State of New York.

### BACKGROUND

4. Plaintiff incurred a debt through "Purchasing Power, LLC," a program that allows individuals to make purchases (often of electronics) and pay them off over time. Plaintiff's debt was for the purchase of a cell phone for personal use.

5. After the Purchasing Power account went into default, Defendant began to collect upon it as stated more fully below.

[ 1 ]

6. In about July 2019, Defendant, through a female agent, began repeatedly calling Plaintiff's work number to seek payment on the debt.

7. Plaintiff works at a middle school in New Jersey. Receiving telephone calls from debt collectors during the workday is disruptive to Plaintiff's work.

8. There is only one main telephone number at the school where Plaintiff works.

9. Receiving calls at this number from debt collectors is disruptive to Plaintiff's job, and Defendant either knew or should have known this.

10. In fact, Plaintiff informed Defendant over the phone during early July 2019 that Plaintiff was not permitted to receive calls at work.

11. During early July 2019, Plaintiff demanded that Defendant stop calling Plaintiff on the school's line.

12. Plaintiff even provided Defendant with her personal cell phone number so that Defendant would stop calling the school line. Plaintiff asked to speak to a manager, and Plaintiff ensured that this manager had Plaintiff's cell phone.

13. Nevertheless, Defendant continued to call the school and asking for Plaintiff, disrupting Plaintiff's work.

14. Further, Defendant threatened Plaintiff over the phone with garnishments, and claimed that Defendant would take Plaintiff to court.

15. This was, on reference and belief, false. On reference, Defendant does not sue consumers in New Jersey (the only state where, pursuant to 15 U.S.C. 1692i, Plaintiff could have been sued on the debt).

16. Defendant falsely threatened to bring a lawsuit against Plaintiff, and Defendant, on information and reference, had no intention of ever bringing such a lawsuit.

17. Further, on reference, Defendant does not have any judgment against Plaintiff or any other ability to garnish Plaintiff's wages.

18. Defendant instead used these false threats to coerce Plaintiff into agreeing to a payment plan.

19. Defendant proceeded over the phone to orally set up a payment plan for Plaintiff to pay a $36 installments every two weeks.  The first such payment was made around July 17, 2019.

20. Plaintiff would not have made these payments but for Defendant's harassment and false threats.

21. On information and belief, Plaintiff did not sign anything authorizing Defendant's debits from her account, and Defendant did not provide a copy of any written authorization to Plaintiff.

22. On or about August 26, 2019, Defendant called Plaintiff's work yet again and demanded to know why a particular payment of $36 had not been processed successfully.

23. Plaintiff then confronted Defendant about the fact that Defendant was once again calling Plaintiff's work.

24. Defendant's agent claimed that Plaintiff's cell phone number was disconnected, so Defendant had resorted to calling Plaintiff at work.

[ 3 ]

25. On information and belief, this was a lie. Plaintiff's cell phone number was connected, and Defendant's agent lied to Plaintiff in an attempt to justify continuing to call Plaintiff at work.

26. Plaintiff has suffered embarrassment, disruption to her work, and a monetary loss associated with payments that she would not have made to Defendant but for Defendant's disruptive behaviors.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff realleges the paragraphs above as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA because she took out a payday loan to cover everyday living expenses.

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

30. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31. Defendant's actions, as stated above, violate the following provisions of the FDCPA:

    A. § 1692c(a)(1) because Defendant contacted Plaintiff at an unusual time and place which should have been known to be inconvenient to Plaintiff, namely Defendant contacting Plaintiff's workplace;

[ 4 ]

B. § 1692c(a)(3) because Defendant contacted Plaintiff at her placing of employment, while knowing or having reason to know that a school would prohibit an employee from receiving debt collection calls at work;

C. § 1692e generally, and § 1692e(10) specifically, because Defendant's agent lied about Plaintiff's personal cell phone being disconnected to attempt to justify calling her at work; and

D. § 1692e(5) because Defendant threatened to take actions that cannot legally be taken or that were not intended to be taken, namely representing that Defendant would sue Plaintiff and garnish Plaintiff's wages if Plaintiff did not pay the purported debt.

### VIOLATIONS OF THE ELECTRONIC FUND TRANSFERS ACT

32. Plaintiff realleges the paragraphs above as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6) of the EFTA.

34. Defendant is a "person" as defined by 12 C.F.R. § 1005.2(j).

35. The attempted fund transfer from Plaintiff's account initiated pursuant to the verbal payment plan constituted a "preauthorized electronic fund transfer" under 15 U.S.C. § 1693a(10) because the payments under such Payment Plan were authorized in advance to occur at seven-day intervals.

36. The EFTA, pursuant to 15 U.S.C. § 1693e(a), provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

[ 5 ]

37. Defendant violated 15 U.S.C. § 1693e(a) when it initiated a preauthorized electronic fund transfer from Plaintiff's account without having first obtained written authorization for such transfer from Plaintiff.

38. Defendant violated 15 U.S.C. § 1693e(a) when it initiated a preauthorized electronic fund transfer from Plaintiff's account without having first provided Plaintiff with a copy of a written authorization for such transfer provided to Defendant by Plaintiff.

## NEW JERSEY COMMON LAW INVASION OF PRIVACY

39. The common law of New Jersey permits a cause of action for invasion of privacy where one unreasonably intrudes, physically or otherwise, upon the solitude or seclusion of another if the intrusion would be highly offensive to a reasonable person.

40. Defendant intruded upon Plaintiff's solitude in New Jersey by repeatedly calling Plaintiff's place of employment in New Jersey, which would be highly offensive to a reasonable person.

41. Plaintiff suffered actual harm in New Jersey in the form of emotional distress, anxiety, and frustration as a result of Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages in connection with the counts set forth above pursuant to 15 U.S.C. § 1692k(a) and 15 U.S.C. § 1693m;

    **b.**    Awarding Plaintiff actual damages;

    **c.**    Awarding Plaintiff reasonable attorney fees;

    **d.**    Awarding Plaintiff the costs of this action;

    **e.**    Awarding Plaintiff punitive damages to the extent permitted by New Jersey common law;

    **f.**    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 13, 2020

                                                By: <u>s/ Jonathan Hilton</u>

                                                Jonathan Hilton (0095742)
                                                HILTON PARKER LLC
                                                10400 Blacklick-Eastern Rd NW, Suite 110
                                                Pickerington, OH 43147
                                                Tel: (614) 992-2277
                                                Fax: (614) 427-5557
                                                jhilton@hiltonparker.com
                                                *Attorney for Plaintiff*

**American Arbitration Association**®

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

| | |
|---|---|
| 1. Which party is sending in the filing documents? *(check one)*    Consumer    Business | |
| 2. Briefly explain the dispute: | |
| 3. Specify the amount of money in dispute, if any: $ | |
| 4. State any other relief you are seeking:     Attorney Fees    Interest    Arbitration Costs    Other; explain: | |
| 5. Identify the requested city and state for the hearing if an in-person hearing is held:  City:                                                                                      State: | |
| 6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed. | |

**Consumer:**

| | | |
|---|---|---|
| Name: | | |
| Address: | | |
| City: | State: | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |

**Consumer's Representative (if known):**

| | | |
|---|---|---|
| Name: | | |
| Firm: | | |
| Address: | | |
| City: | State: | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |

**Business:**

| | | |
|---|---|---|
| Name: | | |
| Address: | | |
| City: | State: | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |

American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
https://www.adr.org   |   AAA Customer Service 1-800-778-7879

AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

| Business' Representative (if known): | | |
|---|---|---|
| Name: | | |
| Firm: | | |
| Address: | | |
| City: | State: | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |
| Date: | | |

**7. Send a copy of this completed form to the AAA together with:**

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

**8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.**

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit **www.adr.org** and click on **File or Access Your Case** and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

> Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.