# EXHIBIT J



50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
**Phone:** 716.853.5100
**Fax:** 716.853.5199
**lippes.com**

May 29, 2020

**Via Electronic Mail**
American Arbitration Association
1101 Luarel Oak Road
Vorhees, New Jersey 08043
ConsumerFiling@adr.org

Re: Case Number: 01-20-0004-9270

Consumer Filing Team:

We are counsel for Defendant Diversified Recovery Bureau, LLC ("DRB") with regard to the above dispute. Mr. Hilton's narrative with regard to the status of arbitration distorts the reality of the situation. Simply put, the American Arbitration Association ("AAA") should permit this matter to proceed to arbitration.

On or about April 13, 2020, Plaintiff Solicity Manley ("Plaintiff") filed a Complaint with the AAA. Plaintiff alleges DRB violated the Fair Debt Collection Practices Act, The Electronic Funds Transfer Act, and asserts a claim for Invasion of Privacy pursuant to New Jersey law in the collection of a debt. *Complaint*, p. 4-6. The Complaint freely admits Plaintiff incurred the debt with Purchasing Power, LLC. *Complaint*, ¶ 4. It naturally follows that the basis for compelling arbitration is grounded in Plaintiff's contract with Purchasing Power, LLC, not from any agreement with DRB.

Notwithstanding, on April 30, 2020, the Consumer Filing Team sent correspondence to the parties stating that DRB had failed to comply with the AAA's policies regarding consumer claims. The letter fails to state what policy had not been complied with, but notes "if you believe we have declined this matter in error, please email consumerfiling@adr.org." The next day, I sent an email to the Consumer Filing Team requesting the pertinent documentation to make sure that any issue or problem could immediately be resolved so that arbitration could proceed. Over a week later, on May 8, 2020, the Consumer Filing Team sent me correspondence indicating that DRB is not in good standing with the AAA because it has not submitted its current consumer arbitration clause for inclusion on the Registry. That same day, I sent an email back to the Consumer Filing Team explaining that the arbitration clause at issue was not authored by DRB and that DRB is not a signatory to the agreement that contains the subject arbitration clause. Additionally, I requested that we schedule a call to discuss this matter and resolve any confusion. I did not receive a response.

**Brendan H. Little** | Partner | blittle@lippes.com

**New York:** Albany, Buffalo, New York City • **Florida:** Ponte Vedra Beach • **Ontario:** Greater Toronto Area • **Washington, D.C.**

On May 21, 2020, I sent a follow-up email to the Consumer Filing Team and did not get a response. As a result, on May 21, 2020, my colleague Sean M. O'Brien, Esq. sent an email to customerservice@adr.org requesting that someone respond to our questions so that this matter could proceed in arbitration. We were informed that the issue had been sent to the appropriate team and supervisor for review and response. Later that day, the Consumer Filing Team sent a letter to the parties acknowledging my correspondence and requesting Mr. Hilton's comments in that regard.

I have in good faith attempted to resolve any confusion about DRB's status with AAA. Any delay is unintentional and certainly not the result of delay designed to frustrate the progress of this matter, as Mr. Hilton professes. Each of Plaintiff's claims are subject to mandatory arbitration pursuant to Plaintiff's agreement with Purchasing Power. DRB is willing to take any action necessary to permit this matter to proceed – it simply requires clarification and direction from the Consumer Filing Team to do so.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

Brendan H. Little

BHL/bmo

cc: Jonathan Hilton, Esq. (jhilton@hiltonparker.com)