UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOLICITY MANLEY                               Case No.: 20-cv-00551

    Plaintiff,

vs.

DIVERSIFIED RECOVERY BUREAU, LLC

    Defendant.

---

DEFENDANT DIVERSIFIED RECOVERY BUREAU, LLC'S REPLY
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Sean M. O'Brien, Esq.
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: 716-853-5100
F: 716-853-5199
E: sobrien@lippes.com
E: blittle@lippes.com

PRELIMINARY STATEMENT

Defendant Diversified Recovery Bureau, LLC's ("Defendant") motion to dismiss (the "Motion") establishes that the claims alleged by Plaintiff Solicity Manley ("Plaintiff") against subject to arbitration. (Doc. 17). In opposition, Plaintiff does not dispute that fact. ("Plaintiff's Opposition"). As a result, it is undisputed that a valid arbitration agreement exists that Defendant can enforce same.

Instead, Plaintiff argues Defendant: (1) has breached the arbitration agreement, which permits the the American Arbitration Association ("AAA")to send this dispute back to federal court; or in the alternative (2) Defendant waived its right to arbitrate. (Doc. 19). Plaintiff's arguments in support of the above misstate facts and misinterpret the law. Critically, as demonstrated in Defendant's Motion, it is not refusing to arbitrate. Instead, the single issue thwarting this dispute from proceeding in arbitration is how to register Purchase Power's arbitration agreement, the other party to the underlying agreement with Plaintiff, with the AAA. (Doc. 38-4).[1]

The record shows that Defendant has attempted to comply with the AAA's directives and is willing to do what is necessary to proceed in arbitration. (Doc. 17-4, ¶¶ 4-14). Since being informed that the AAA wanted Defendant to register Purchase Power's arbitration clause, it sent five separate requests to the AAA for clarification and direction over twenty days. (Doc. 17-4, ¶¶ 4-14). Despite not receiving any

---

[1] Defendant is a third party enforcing an arbitration agreement between Plaintiff and Purchase Power. (Doc. 17).

1

concrete direction, Defendant continued to seek guidance on how to advance this dispute in arbitration.

Valid arbitration agreements modify a court's ability to preside over a litigation – a question of jurisdiction. Indeed, certain courts in this circuit have held that the existence of a valid arbitration agreement deprives the court of subject matter jurisdiction over a dispute. *Jordan-Rowell v. Fairway Supermarket*, 2019 WL 570709, at *7 (S.D.N.Y. Jan. 16, 2019), report and recommendation adopted, 2019 WL 568966 (S.D.N.Y. Feb. 12, 2019), appeal dismissed, 2020 WL 253015 (2d Cir. Jan. 2, 2020); *Hong v. Belleville Dev. Grp., LLC*, 2016 WL 4481071, at *3 (S.D.N.Y. Aug. 17, 2016). Plaintiff would have this Court instill the AAA with the power to dictate subject matter jurisdiction to this court, allowing AAA to determine which disputes it would like to preside over and which disputes it would like to send back to court. Such a result is untenable and should be rejected.

The parties agree the claims in this lawsuit are subject to an arbitration agreement Defendant can enforce. The AAA has stated it will proceed if the Court orders arbitration. As a result, this Court should enter an order compelling the parties to proceed to arbitration and dismiss this lawsuit.

## ARGUMENT

I. Arbitration is the appropriate forum for Plaintiff's claims to be resolved

The FAA represents a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations and quotations omitted). Moreover,

2

the FAA directs that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 289 (2010); *FFC Mortg. Corp. v. Lo Bue*, 2019 WL 5964676, at *3 (W.D.N.Y. Nov. 13, 2019); *Welch v. EZ Loan Auto Sales*, 2019 WL 2515182, at *4 (W.D.N.Y. June 18, 2019) (citation omitted).

Notably, there is no dispute that: (1) a valid agreement to arbitrate exists; and (2) the dispute sought to be arbitrated falls within the scope of the arbitration agreement. Additionally, Plaintiff does not dispute that Defendant can enforce the arbitration agreement. As a result, the parties appear to agree, that absent breach of the agreement or waiver, arbitration is appropriate. (Doc. 17); (Doc. 19).

II. Defendant did not breach the agreement because it does not refuse to arbitrate

Plaintiff's Opposition argues, at length, that Defendant breached the arbitration agreement by not paying a fee, permitting Plaintiff to proceed in federal court. (Doc. 19, p. 6-9). However, this position is built on the faulty premise that Defendant refused to pay a fee – that is inaccurate.

While Plaintiff is generally correct that a material breach of an agreement may make the agreement unenforceable, it is axiomatic that the failure to demonstrate breach is fatal to such a claim. *See, e.g., Niagara Foods, Inc. v. Ferguson Elec. Serv. Co.*, 111 A.D.3d 1374, 1376 (4th Dep't 2013). The decisional authority relied on by Plaintiff in support of her position that non-payment constitutes breach is misplaced because in this case Defendant has not refused to pay the fee and Defendant has not

3

refused to arbitrate. (Doc. 19, p. 6-9). Instead, Defendant has taken numerous steps to clarify the issue with the AAA and receive guidance on how to proceed. (Doc. 17-4).

For example, the facts in *Nadeau v. Equity Residential Properties Mgmt. Corp.*, 251 F. Supp. 3d 637, 641 (S.D.N.Y. 2017), are clearly distinguishable. There, the plaintiff filed an arbitration demand against her employer, as required by her employment agreement. *Id.* at 640. In response to the demand, the defendant (plaintiff's employer) refused to pay the arbitration fee and instead attempted to use its refusal as leverage to settle the dispute. *Id.* The AAA then closed the matter, forcing the plaintiff to file a lawsuit. *Id.* In response to the lawsuit, the defendant then affirmatively moved to compel the very arbitration in previously refused to participate in. *Id.*

The perverse incentive present in *Nadeau*, as well as the other cases Plaintiff cites, does not exist here. The parties agree the claims in this lawsuit are subject to an arbitration agreement. Defendant has, on two separate occasions, moved to compel this dispute to arbitration. The sole reason for the parties not being in arbitration is AAA's administrative confusion over who, if anyone, must register a third party's arbitration clause. Defendant has attempted to comply with AAA's directives and is willing to do what is necessary to proceed in arbitration. Moreover, the AAA has stated it will proceed if the Court orders arbitration.

Simply put, Defendant did not materially breach the arbitration agreement. As a result, this Court should dismiss this action and compel arbitration.

III. Defendant has not waived its right to arbitrate

Defendant has not waived its right to arbitrate. In contrast to the cases cited in Plaintiff's Opposition, Defendant has not, and is not refusing to arbitrate. Defendant has not,and is not acting inconsistent with its stated preference to arbitrate. Instead, Defendant has (now twice) moved to dismiss federal litigation in favor of arbitration. Finally, any prejudice Plaintiff has suffered is the result of her own decision to file a second lawsuit.

This Circuit "ha[s] emphasized that there is a strong presumption in favor of arbitration and that waiver of the right to arbitration is not to be lightly inferred." *Coca–Cola Bottling Co. of New York, Inc. v. Soft Drink and Brewery Workers Union Local 812,* 242 F.3d 52, 57 (2d Cir.2001) (quoting *Cotton v. Slone,* 4 F.3d 176, 179 (2d Cir.1993) (internal quotes omitted)). "The waiver determination necessarily depends upon the facts of the particular case and is not susceptible to bright line rules." *Cotton,* 4 F.3d at 179. "Factors to consider include (1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense." *Kingston v. Latona Trucking Inc.,* 159 F.3d 80, 83 (2d Cir.1998), *cert. dism'd,* 528 U.S. 1058 (1999).

Absent express waiver, a party may implicitly waive its right to arbitrate if it took action inconsistent with the right to arbitrate that prejudices the other party. *See Schreiber v. Friedman*, 2017 WL 5564114, at *7 (E.D.N.Y. Mar. 31, 2017) (citing

5

*Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 455 (2d Cir. 1995). The determination of waiver of arbitration is a "fact-specific" inquiry and "there are no bright-line rules." *S & R Co. of Kingston v. Latona Trucking. Inc.*, 159 F.3d 80, 83 (2d Cir. 1998). However, the critical fact to a waiver analysis is prejudice and a party claiming waiver must demonstrate prejudice before a waiver will be found. *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010).

Again, Plaintiff relies solely on decisional authority where a party to an arbitration refuses to comply with the arbitration requirements. (Doc. 19, p. 11-13). That is not the case here. The correspondence attached to Defendant's motion demonstrates that the fee the AAA has requested relates to the submission of a consumer arbitration clause to its database. (Doc. 17-8). However, as Defendant has stated at length to the AAA, the arbitration clause is not Defendants, it stems from a contract between Plaintiff and Purchasing Power. (Doc. 17-2; Doc. 17-9; Doc. 17-10; Doc. 17-14). As a result, Defendant requires direction from AAA as to how it should proceed in order to comply with its rules.

The record demonstrates Defendant has been willing to take any action necessary to permit this matter to proceed in arbitration – it simply requires clarification and direction from AAA. As a result, this Court should dismiss this action and compel arbitration.

Additionally, Plaintiff has not demonstrated prejudice sufficient to establish waiver. To support her position, Plaintiff points to: (1) the delay in progressing this

6

litigation; and (2) filing costs. (Doc. 19, p. 11). However, Plaintiff initiated her first lawsuit in federal court despite the fact that there was a valid arbitration agreement governing her claims. *See Manley v. Diversified Recovery Bureau, LLC*, 20-cv-00551, J. John L. Sinatra (Doc. 1). Plaintiff then consented to arbitration, stipulating to the dismissal her first lawsuit. *See Manley v. Diversified Recovery Bureau, LLC*, 20-cv-00551, J. John L. Sinatra (Doc. 21). As opposed to the cases cited by Plaintiff, this is not a circumstance where Defendant refused to arbitrate, and then after being sued, moved to compel same. *See, e.g.*, *Mason v. Coastal Credit, LLC*, 2018 WL 6620684, at *4 (M.D. Fla. Nov. 16, 2018); *Stanley v. A Better Way Wholesale Autos, Inc.*, 2018 WL 3872156, at *2 (D. Conn. Aug. 15, 2018); *Nadeau*, 251 F. Supp. 3d at 640 (S.D.N.Y. 2017). Instead, the decision to sue in court was Plaintiffs and the cost and delay of getting to arbitration was, in the first instance, a result of Plaintiff's decision.

More importantly, it was Plaintiff's decision to rush back to court, as opposed to allowing the AAA and Defendant to work out the administrative miscommunication, that has caused further delay. On April 30, 2020, the AAA sent the parties a letter stating that there was an administrative issue regarding Defendant's compliance with AAA rules, but it did not indicate the issue. (Doc. 17-4, ¶ 4). On May 1, 2020, counsel for Defendant requested clarification so it could resolve the problem and so arbitration could proceed. (Doc. 17-4, ¶ 5). On May 8, 2020, AAA clarified that Defendant had not registered the consumer arbitration clause. (Doc. 17-4, ¶ 6). That day, Plaintiff immediately re-filed in federal court. (Doc. 1). Plaintiff seized on an administrative miscommunication, that would likely have been resolved

7

in a reasonable manner, to force litigation. That fact that the parties are in front of this Court and briefing this issue is in large part, a result of Plaintiff's own actions.

While there has been some delay and while Plaintiff has incurred an additional filing fee, the circumstances surrounding the basis for both demonstrate that the cost and delay were self-inflicted. As a result, this Court should dismiss this action and compel arbitration.

## CONCLUSION

Diversified Recovery Bureau, LLC requests that this Court compel arbitration and dismiss the Complaint.

DATED:   December 4, 2020

                            LIPPES MATHIAS WEXLER FRIEDMAN LLP

                            /s Sean M. O'Brien
                            Sean M. O'Brien, Esq.
                            Brendan H. Little, Esq.
                            Attorneys for Defendant
                            50 Fountain Plaza, Suite 1700
                            Buffalo, NY 14202
                            P: 716-853-5100
                            F: 716-853-5199
                            E: sobrien@lippes.com
                            E: blittle@lippes.com