UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SOLICITY MANLEY,

                Plaintiff,

v.

DIVERSIFIED RECOVERY BUREAU, LLC

                Defendant.
_____

**DECISION
and
ORDER**

**20-CV-551Si(F)**

APPEARANCES:      HILTON PARKER LLC
                          Attorneys for Plaintiff
                          JONATHAN L. HILTON, of Counsel
                          7544 Slate Ridge Blvd.
                          Reynoldsburg, Ohio  43068

                          LIPPES MATHIAS WEXLER FRIEDMAN LLP
                          Attorneys for Defendant
                          BRENDAN H. LITTLE,
                          SEAN M. O'BRIEN, of Counsel
                          50 Fountain Plaza
                          Suite 1700
                          Buffalo, New York 14202

      In this FDCPA action, by papers filed October 20, 2020 (Dkt. 17), Defendant moves to compel arbitration[1] or to dismiss the Complaint for lack of subject matter jurisdiction or failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(a), (6); alternatively, Defendant moves to stay the action pending arbitration ("Defendant's motion").  On November 20, 2020,  Plaintiff filed Plaintiff's opposition to Defendant's motion, contending Defendant's failure to register the arbitration agreement with the American Arbitration Association ("AAA") and pay the AAA registration fee constituted a breach of

---

[1] Motions to compel arbitration are non-dispositive. *Kiewit Constructors, Inc. v. Franbilt, Inc.*, 2007 WL 2461919, at *1 n. 1 (W.D.N.Y. Aug. 24, 2007) (citing *Herko v. Metropolitan Life Ins. Co.*, 978 F.Supp. 141, 142 n. 1 (W.D.N.Y. 1997)).

the arbitration agreement rendering the agreement unenforceable thereby allowing Plaintiff to proceed with the instant action.  Plaintiff's underlying debt was initially incurred as a result of Plaintiff's retail installment purchases of a cellphone from seller Purchasing Power ("Purchasing Power") on March 29, 2018 , Dkt. 17-3 at 2; 3.  Plaintiff does not dispute that the retail installment purchase agreement contains an arbitration provision which covers Plaintiff's failure to make payments required under the terms of the agreement or that the arbitration agreement applies to an assignee of Purchasing Power such as Defendant.  Nor does Plaintiff dispute Plaintiff's FDCPA claims are within the scope of the arbitration agreement.  Specifically, the arbitration agreement requires either Plaintiff or Defendant to seek arbitration of any dispute arising under the retail installment purchase agreement including "contract claims, tort claims, violations of laws or regulations, or any other legal theories."  Dkt. 17-3 at 12.  As relevant to Defendant's motion to compel arbitration, the arbitration agreement specifies a request to arbitrate a dispute between the parties may be made to the AAA (or other arbitration service approved by Defendant) and that Defendant, as assignee of Purchasing Power, will pay the costs and fees required for the arbitration.  *Id.*

      Preliminarily, contrary to Defendant's argument that mandatory arbitration divests the court of subject matter jurisdiction over this action, Dkt. 17-1 at 6-7, the Second Circuit has held that unlike subject matter jurisdiction which can never be waived, the right to arbitrate is an affirmative defense that can be waived.  *Brookridge Funding Corp. v. Northwestern Human Resources, Inc.*, 170 Fed.Appx. 170, 171 (2d Cir. 2006) (rejecting argument that court lacks subject matter jurisdiction based on contractual arbitration clause).  There thus is no merit to this argument.  Further, as discussed,

*infra*, because Defendant's motion to compel arbitration should be granted and the action stayed pending arbitration, the court need not address whether Defendant's alternative motion to dismiss for failure to state a claim should be granted.

As noted, Plaintiff does not dispute the Plaintiff's FDCPA claims are subject to the arbitration agreement as Plaintiff previously stipulated to dismiss Plaintiff's earlier FDPCA action, 20-CV-551, "so the matter could proceed to arbitration," Dkt. 19 at 3; in particular, Plaintiff's stipulation to dismiss "reaffirms the 'agreement of the parties to arbitration.'" Dkt. 19 at 3. After Plaintiff initiated arbitration with the AAA and paid the $200 fee required by the AAA despite the Defendant's obligation to cover such costs under the arbitration agreement, the AAA declined to accept the requested arbitration because Defendant had failed to register the arbitration agreement as required by the AAA and refunded Plaintiff's fee. Dkt. 19 at 3. According to Plaintiff, after being so advised, Defendant nevertheless failed to promptly register with the AAA and pay the required registration fee. *Id.* Defendant disputes Plaintiff's characterization and represents it has not refused arbitration or to pay all required fees but has attempted, albeit so far without success, to comply with all AAA requirements. *See* Dkt. 20 at 2. Defendant also asserts the AAA would proceed with arbitration if court ordered, Dkt. 20 at 5, an assertion not disputed by Plaintiff. *See also* Dkt. 17-15 at 2 (June 1, 2020 e-mail from AAA stating the AAA "would comply with a court order compelling arbitration between the parties.").

Arbitration agreements are enforceable in federal court pursuant to the Federal Arbitration Act ("FAA") Section 2. *Salerno v. Credit One Bank, NA*, 2015 WL 6554977, at *3 (W.D.N.Y. Oct. 29, 2015). Arbitration is strongly favored by federal courts. *Moses*

3

*H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *State of New York v. Oneida Indian Nation of N.Y.,* 90 F.3d 58, 61 (2d Cir. 1996).  Whether an agreement to arbitration is enforceable is determined by reference to state contract law.  *Id.* (quoting *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  As relevant, a material breach of an otherwise valid arbitration provision will vitiate the agreement.  *Nadeau v. Equity Residential Properties Management*, 251 F.Supp.3d 637, 641 (S.D.N.Y. 2017) ("*Nadeau*").   In addition to compelling arbitration, the FAA also permits the court to stay judicial proceedings pending arbitration provided the applicant is not in default.  *See* 9 U.S.C. § 3; *see Baker & Taylor, Inc. v. AlphaCraze.com Corp.*, 602 F.3d 486, 492 (2d Cir. 2010) (concluding defendant defaulted and waived right to compel arbitration by proceeding to litigate in district court for eight months during which time the plaintiff engaged in discovery and motion practice with other defendants yet the defendant never appeared, never sought to defend itself in any way, and never moved to compel arbitration).  Such a stay is favored by federal courts.  *See Salerno*, 2015 WL 6554977, at *6 (citing *Katz v. Cellco P'Ship*, 794 F.3d 341, 346 (2d Cir. 2015)).

  Here, the record supports that Defendant's difficulties in obtaining registration of the arbitration agreement for the AAA's due process review and Defendant as a business entity with the AAA as well as payment of the requisite registration fees do not indicate a material breach of the arbitration agreement or that Defendant is in default for purposes of a stay of proceedings in the action.  Although the communications between Defendant and the AAA leave one perplexed as to why the AAA registration requirements were not expeditiously satisfied at that time, it is reasonably clear that the

failure does not bespeak a refusal by Defendant to proceed to arbitration or pay the required fees; rather, it supports, at most, Defendant's lack of sufficient persistence to accomplish what should be a routine process of administrative compliance. Accordingly, Defendant's failure to satisfy AAA requirements cannot support that Defendant is in material breach of the arbitration agreement based on refusal to arbitrate. Defendant's undisputed continued willingness to pay the required fees as well as the AAA's willingness, Dkt. 20 at 5, to entertain arbitration of the matter in the event of a court order compelling arbitration supports this conclusion. Additionally, the AAA stated it will renew its consideration of Plaintiff's claims upon completion of the registration process and payment of AAA fees by Defendant. See Dkt. 17-15 at 1.

Plaintiff's reliance on *Nadeau* does not require a different result as in that case the defendant was found to have waived arbitration based on defendant's refusal to pay the required arbitration administration fee. *See Nadeau*, 251 F.Supp.3d at 641-42; *see also Spano v. V&J Nat'l Enterprises, LLC*, 264 F.Supp.3d 440, 454 (W.D.N.Y. 2017) ("*Nadeau* found the defendant had materially breached the arbitration agreement by failing to pay the arbitration fee before AAA closed the case." (citing *Nadeau*, 251 F.Supp.3d at 641-42)). Here, the AAA refused to accept the case because in addition to a failure to pay the arbitration fee, the arbitration agreement had not been properly registered with AAA as the AAA required and Defendant needed to obtain such registration as a participating business which Defendant also sought to accomplish, however unsuccessfully at that time. In *Nadeau*, the defendant's indifference to AAA filing and fee payment requirements contrasts sharply with Defendant's efforts to comply with AAA prerequisites to proceed with arbitration in this case. Nor does *Pre-*

*Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir.) *cert. denied*, 877 U.S. 940 (2015) ("*Pre-Paid Legal Servs.*"), also relied on by Plaintiff, Dkt. 19 at 7, support Plaintiff's opposition to Defendant's motion as in that case plaintiff, as the applicant for arbitration, was guilty of a "repeated refusal" to pay AAA's fees despite plaintiff's obligation to do so under the arbitration agreement and the AAA determined arbitration "had gone as far as it could" warranting termination of the proceedings.  Here, by comparison, the matter had not been docketed for arbitration by the AAA and Defendant certainly has not refused to pay AAA's fees.  Thus, unlike the record in the instant case, the facts in *Pre-Paid Legal Servs.* supported finding plaintiff's failures to comply with AAA's fee requirements was "'tantamount to a repudiation of the arbitration agreement.'" *Pre-Paid Legal Servs., Inc.*, 786 F.3d at 1294 (quoting *Brown v. Dillard's Inc.*, 430 F.3d 1004, 1011 (9th Cir. 2005)).  Defendant's delay in completing necessary arrangements to AAA arbitration therefore should not frustrate the strong policy favoring arbitration, particularly as in this case where Plaintiff sought arbitration of her claims at the outset. *See Moses H. Memorial Hospital*, 460 U.S. at 24-25; *Oneida Indian Nation of N.Y.,* 90 F.3d at 61.  Instead, Defendant should be given a 'last chance' to arrange to have the matter lodged with the AAA for arbitration.  Plaintiff does not cite to any Second Circuit authority requiring a different result.

## CONCLUSION

Based on the foregoing, Defendant's motion to compel arbitration (Dkt. 17) is GRANTED; Defendant's alternative motion to dismiss (Dkt. 17) is DISMISSED without prejudice.  Defendant shall complete all prerequisites for arbitration of Plaintiff's claims

with the AAA <u>within</u> <u>30</u> <u>days</u> of this Decision and Order.  Further proceedings of this action are hereby STAYED pending arbitration and confirmation of the award pursuant to FAA § 9.  Should Defendant fail to do so, Plaintiff may request the STAY be vacated and the action restored to the calendar for further proceedings.

SO ORDERED.

                                        /s/ *Leslie G. Foschio*
                                      _____
                                           LESLIE G. FOSCHIO
                                    UNITED STATES MAGISTRATE JUDGE

Dates:  September 23, 2021
        Buffalo, New York