UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOLICITY MANLEY                                              Case No.: 20-cv-00551

    Plaintiff,

vs.

DIVERSIFIED RECOVERY BUREAU, LLC

    Defendant.

---

### DEFENDANT DIVERSIFIED RECOVERY BUREAU, LLC'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE COURT'S <u>ORDER COMPELLING ARBITRATION</u>

Sean M. O'Brien, Esq.
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: 716-853-5100
F: 716-853-5199
E: sobrien@lippes.com
E: blittle@lippes.com

PRELIMINARY STATEMENT

Plaintiff Solicty Manley ("Plaintiff") objects to Magistrate Judge Leslie G. Foschio's Order (the "Order") staying this lawsuit pending notice of an award in arbitration, as is required by the agreement Plaintiff entered into. (Doc. 24).

In short, Plaintiff argues that the Court's Order forgot to address a purely legal argument – that American Arbitration Association's ("AAA") administrative rejection of this dispute in the first instance requires this case to stay in Federal Court. Simply put, that argument is a red herring – it has no bearing on the validity of the Order and this Court should deny her objection to the Order.

PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff cherry picks helpful facts in an attempt to shade the procedural posture factual background in this lawsuit. The Order, however, concisely and accurately summarizes the facts and procedural history of this lawsuit. (Doc. 24, p. 1-2).[1]

Plaintiff does not dispute that her claims are subject to mandatory arbitration. Plaintiff does not dispute Defendant can enforce the arbitration agreement. Finally, Plaintiff does not object to the portion of the Order that held Defendant did not breach the arbitration agreement in this case. Instead, she is relying on non-dispositive administrative issues to prevent the instant dispute from being decided by an arbitrator, as Plaintiff previously agreed to.

---

[1] A full summary of the factual and procedural background in this lawsuit is articulated in Defendant's motion to dismiss. (Doc. 17).

1

ARGUMENT

I.  Standard of review

Plaintiff argues her objection should be analyzed pursuant to Fed. R. Civ. P. 72(a), which governs non-dispositive matters and states that the "[d]istrict judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).[2] An order is clearly erroneous only when the Court, after reviewing "the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Toole v. Toshin Co.*, 2004 WL 1737207, at *1 (W.D.N.Y. July 29, 2004) (citation omitted). An order is contrary to law when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Chinn v. Elmwood Franklin Sch.*, 2018 WL 10509892, at *1 (W.D.N.Y. Dec. 4, 2018).

As the Order is potentially dispositive, Plaintiff's objection may be analyzed pursuant to Fed. R. Civ. P. 72(b). Fed. R. Civ. P. 72(b) states that "within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district court

---

[2] Plaintiff failed to comply with Local Rule 72(c), which requires that party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge. Local Rule 72(c).

2

conducts a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Ultimately, under either standard of review, Plaintiff's Objection falls short.

II. Plaintiff's objection has no bearing on the Order and is wholly unsupported by law

There is no dispute that: (1) a valid agreement to arbitrate exists; and (2) the dispute sought to be arbitrated falls within the scope of the arbitration agreement[3]. Additionally, Plaintiff does not dispute that Defendant can enforce the arbitration agreement. Finally, Plaintiff does not object to the portion of the Order that held Defendant did not breach the arbitration agreement in this case.

The only objection Plaintiff articulates is that the AAA's initial rejection of this dispute is somehow binding on this Court. Without any decisional authority, it is unclear how Plaintiff arrives at this conclusion. In short, Plaintiff's objection argues that the Order failed to consider the fact that "the AAA has already determined that under Consumer Rules R-1(d) and R-12, Plaintiff is free to pursue her claims in this Court." (Doc. 26, p. 5). As a result, Plaintiff concludes that this Court's failure to adhere to the AAA's initial rejection of this dispute was a reversable error.

Plaintiff misquotes AAA's position regarding arbitration. In its June 1, 2020 email, the AAA was explicit that it would permit the arbitration to proceed under three circumstances: (1) Defendant registered with AAA; (2) there was a court order

---

[3] Although not mentioned in the Order, even if the AAA did reject this dispute, it is undisputed that it should be resolved through arbitration. As a result, there are other entities that provide arbitration services.

3

compelling arbitration; or (3) the consumer re-filed with all the filing requirements including the $200.00 filing fee. (Doc. 17-15). The Order, correctly interpreting the AAA correspondence, requires Defendant to regain good standing with the AAA and specifically to "complete all prerequisites for arbitration of Plaintiff's claims with the AAA within 30 days of this Decision and Order." (Doc. 24, p. 7). As a result, upon resolving the administrative issues with the AAA, this matter will, per the AAA's own directive, be subject to arbitration.

Defendant submits that the Order did not overlook the AAA's interpretation of its rules. To the contrary it is Plaintiff who misunderstands what the AAA determined. Ultimately, the sole reason for the parties not being in arbitration already is the AAA's administrative confusion over who, if anyone, must register a third party's arbitration clause. Defendant has attempted to comply with AAA's directives and is willing to do what is necessary to proceed in arbitration. Moreover, the AAA stated it will proceed if the Court orders arbitration, which it has.

Simply put, Plaintiff's objection should be overruled the Court should adopt Report and Recommendation.

## CONCLUSION

Notwithstanding the fact Plaintiff admits her claim is subject to mandatory arbitration, she has done everything in her power to avoid it. She has filed two lawsuits, opposed multiple motions to compel arbitration, and now objected to the Magistrate judge's order compelling arbitration. Diversified Recovery Bureau, LLC requests that this Court reject the objection and compel arbitration.

DATED:     October 12, 2021

                              LIPPES MATHIAS WEXLER FRIEDMAN LLP

                              /s Sean M. O'Brien
                              Sean M. O'Brien, Esq.
                              Brendan H. Little, Esq.
                              Attorneys for Defendant
                              50 Fountain Plaza, Suite 1700
                              Buffalo, NY 14202
                              P: 716-853-5100
                              F: 716-853-5199
                              E: sobrien@lippes.com
                              E: blittle@lippes.com